Johnson, J.
The judgement is the substratum of the execution and all subsequent proceedings thereon, and hence the necessity of producing it in evidence in all cases where rights acquired under it are called in question; and in Barkley v. Scriven, 1 N. & M’C. 408, it is said that the production of it is indispensable in cases where the party claims title to I and under a sheriff’s sale on fi. fa. The question then is, what is it which constitutes evidence of a judgement on sum. pro ?
It is not now, nor from what I can learn never was, the practice to enter up formal judgements in cases within the summary jurisdiction of the Court. They are usually tried by the judge, without the intervention of the jury, and the judgement pronounced ote tenus, which it is the duty of the clerk to enter on the journals of the Court. This is the universal practice, and I know of no other judgement in these cases. The judge usually enters on his docket the result of the case, as “Decree for plaintiff,” or “Decree for defendant,” and sometimes the sum is expressed, but this is not usual. The entry in the journal is in the form of an order or'decree, expressing *439 the sum, and this is considered the judgement. The recital which accompanies the execution is not a judgement, but, as the term expresses, is a mere recital of the judgment, (see Foster v. Chapman, 4 M’Cord, 291,) nor is the memorandum endorsed on the back of the process in the handwriting of the clerk ; for that is the act of the clerk, unattended by any circumstance to shew that it had received the sanction of the Court; and it would be subversive of every thing like order and regularity to permit these loose memoranda to be substituted in the place of the regular and formal proceedings of the Court, the great excellence of which consists in their certainty. On this ground, therefore, the motion for a nonsuit must be granted.
O’Neall, J. concurred.
Harper, J. absent.